UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE: EPHEDRA PRODUCTS LIABILITY LITIGATION

04 MD 1598 (JSR)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pertains to:

HARBIR SINGH and DOINA CARAGATA,

Plaintiffs,

- against -

HERBALIFE INTERNATIONAL COMMUNICATIONS, INC., HERBALIFE INTERNATIONAL OF AMERICA, INC., and STEVE PETERSON,

Defendants.

06 CV 00014

**ANSWER TO COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Herbalife International Communications, Inc. and Herbalife International of America, Inc. ("the Herbalife Defendants"), by and through their undersigned attorneys Goodwin Procter LLP, as and for their Answer to Plaintiffs' Complaint dated December 28, 2005 (the "Complaint"), state as follows:

**JURISDICTION AND VENUE**

1.      Deny the allegations contained in paragraph 1 of the Complaint and refer all questions of law to the Court.

## **GENERAL ALLEGATIONS**

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint

4. Deny the allegations in paragraph 4 of the Complaint, except admit only that Herbalife International Communications, Inc. is a California corporation with its principal place of business in California.

5. Deny the allegations in paragraph 5 of the Complaint, except admit only that Herbalife International of America, Inc. is a Nevada corporation with its principal place of business in California, and that, at times, Herbalife International of America, Inc. sold a product containing ephedra.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7. Deny the allegations in paragraph 7 of the Complaint.

8. Deny the allegations in paragraph 8 of the Complaint.

9. Deny the allegations in paragraph 9 of the Complaint, except admit only that Herbalife International of America, Inc. sells dietary supplements through a network of independent distributors.

10. Deny the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Deny the allegations in paragraph 12 of the Complaint.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint and refer all questions of law to the Court.

## **FIRST CAUSE OF ACTION**

22. Deny the allegations in paragraph 22 of the Complaint.

23. Deny the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28. Incorporate their previous responses to the allegations set forth in the Complaint as if fully set forth herein.

29. Deny the allegations of paragraph 29 of the Complaint.

30. Deny the allegations of paragraph 30 of the Complaint.

31. Deny the allegations of paragraph 31 of the Complaint.

## THIRD CAUSE OF ACTION

32. Incorporate their previous responses to the allegations set forth in the Complaint as if fully set forth herein.

33. Deny the allegations of paragraph 33 of the Complaint.

LIBNY/4494245.1

## FOURTH CAUSE OF ACTION

34. Incorporate their previous responses to the allegations set forth in the Complaint as if fully set forth herein.

35. Deny the allegations of paragraph 35 of the Complaint.

36. Deny the allegations of paragraph 36 of the Complaint.

37. Deny the allegations of paragraph 37 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to the use of the product at issue here, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by Plaintiffs arose from and were caused by risks of which Plaintiffs were so aware, and such risks were accepted and assumed, and for that

reason any recovery against the Herbalife Defendants should be diminished, reduced, offset, or barred in accordance with the principles of assumption of risk and/or informed consent.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries, damages and/or losses allegedly sustained by Plaintiffs were caused in whole or in part by Plaintiffs' preexisting conditions, for which the Herbalife Defendants bear no legal responsibility or liability.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom the Herbalife Defendants neither exercised, nor had any right of control, for which the Herbalife Defendants were not responsible, and whose conduct the Herbalife Defendants had no duty or reason to anticipate or control.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of the Herbalife Defendants was not the proximate and/or cause-in-fact of any alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

The Herbalife Defendants deny that any action or inaction on their part, or any Herbalife

product, proximately caused or contributed to the incident or injuries of which Plaintiffs complain in any manner or to any degree.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify any Herbalife product or either of the Herbalife Defendants as causing the alleged injuries, and therefore have failed to state a cause of action against the Herbalife Defendants.

## TENTH AFFIRMATIVE DEFENSE

The Herbalife Defendants did not manufacture, formulate, design, label, market, promote, advertise, supply or distribute the dietary supplement product(s) at issue, and hence are not proper parties to this action.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims raised by the Complaint are barred and/or reduced by the doctrine of contributory negligence and the doctrine of comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to heed the instructions and/or warnings provided by the Herbalife Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injury, loss or damage that Plaintiffs may have

sustained were caused in whole or in part by Plaintiffs' own negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times relevant to Plaintiffs' claims against the Herbalife Defendants, the Herbalife Defendants conformed their conduct to the state of knowledge, common and accepted procedures in the field, and the applicable state of the art and standard of care regarding dietary supplements.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any alleged defect in any Herbalife product could not have been detected or removed by reasonable use of appropriate techniques, pursuant to applicable law and the state of the art at the time of manufacture.

### SIXTEENTH AFFIRMATIVE DEFENSE

If the product involved was manufactured and/or sold by the Herbalife Defendants, then such product was of merchantable quality and reasonably fit, suitable and safe for its intended and reasonably foreseeable purposes, at the time it left the possession of the Herbalife Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the product involved in this case was manufactured and/or sold by the Herbalife Defendants, such product was produced in accordance with industry standards and was sold in compliance with the specifications of the purchase order.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Herbalife Defendants reserve the right to assert that Plaintiffs improperly used, misused, abused or used for a purpose other than intended or recommended, the product of which they now complain, should discovery reveal facts supportive of said defense.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries to which the Complaint refers were caused by a product manufactured or marketed by the Herbalife Defendants, such injuries were the result of an operation of nature and/or idiosyncratic reaction to the product over which the Herbalife Defendants had no control.

### TWENTIETH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained any injury or damages as alleged in the Complaint, such injuries and damages were caused in whole or in part, by the unauthorized, unintended and improper use, alteration, modification, repair and/or handling of the product referred to in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The warnings and representations, if any, made by the Herbalife Defendants with respect to the product involved in this case were entirely proper and adequate.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If any warranty, guaranty or other representation with respect to the product involved in

this case was made by the Herbalife Defendants, then each such warranty, guaranty or representation was fully satisfied by the Herbalife Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred by Plaintiffs' failure to provide timely notice of any alleged breach of warranty.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred by the absence of privity between Plaintiffs and the Herbalife Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiffs' claims sound in negligent misrepresentation, such claims are barred by the absence of privity between Plaintiffs and the Herbalife Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join properly and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against the Herbalife Defendants upon which relief may be granted for punitive or exemplary damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Herbalife Defendants claim that the doctrine of federal pre-emption may apply, as the federal government has preempted the applicable fields of law, and Herbalife products were and are controlled by federal law, and the Herbalife Defendants was at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, *inter alia*, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of dietary supplements and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause ( Article I, Section 8) of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, as well as by the applicable state Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiffs fail to state a claim upon which relief can be granted in that, *inter alia*, Plaintiffs have asserted claims for relief which, if granted, would impose an improper, retroactive penalty and impermissible intrusion of interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The promotion of the products identified in the Complaint is protected by the First Amendment to the United States Constitution and similar provisions in the Constitutions of the states in which the Plaintiffs reside or the alleged injuries occurred.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive or exemplary damages against the Herbalife Defendants would violate Herbalife's rights under the Fifth, Eight and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitutions in the states in which Plaintiffs reside or the alleged injuries occurred.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Any recovery against the Herbalife Defendants would contravene their constitutional rights to substantive and procedural due process of law and equal protection under the laws as preserved by the Fourteenth Amendment of the United States Constitution, and would contravene their constitutional rights against the taking of private property for public use without just compensation as preserved by the Fourteenth Amendment of the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Herbalife Defendants complied with the Dietary Supplement Health and Education Act of 1999 (DSHEA) and all other applicable Federal or State laws, to the extent that they are applicable.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs contributed to their own injuries by the use of other substances, products, medications, and drugs.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The application of any Rule of Court providing for the award of prejudgment interest against the Herbalife Defendants on any recovery made by the Plaintiffs is contrary to law and violates the Herbalife Defendants' right to due process and equal protection of the law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Herbalife Defendants deny the applicability of the concept of strict liability to this litigation.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The Herbalife Defendants reserve the right to assert any and all defenses available under the Restatement (2nd) of Torts and/or the Restatement (3rd) of Torts Product Liability.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The incident and damages, if any, of which Plaintiffs complain were proximately caused by the fault of third persons not parties to this suit. Inasmuch as the liability of the Herbalife Defendants and the right of the Plaintiffs to recover in this litigation can only be determined after the percentages of fault of any parties of the incident are determined, whether or not they are

parties to this litigation, the Herbalife Defendants seek an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

### FORTIETH AFFIRMATIVE DEFENSE

If the product involved in this case was manufactured and/or sold by the Herbalife Defendants, such product was produced in accordance with all applicable regulations and laws.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged injuries and damages.

### FORTY-SECOND AFFIRMATIVE DEFENSE

The Herbalife Defendants are entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any state in which the Plaintiffs reside or the alleged injuries occurred.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The Herbalife Defendants hereby give notice that they may rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus, they reserve the right to amend this Answer to assert such defenses.

WHEREFORE, defendants Herbalife International Communications, Inc. and Herbalife International of America, Inc. demand judgment dismissing the Complaint in its entirety and awarding the costs of disbursement of this action, including reasonable attorneys fees and such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Defendants Herbalife International Communications, Inc. and Herbalife International of America, Inc. hereby demand a jury trial in this action.

Dated:  January 30, 2006

        Respectfully submitted,

        Herbalife International Communications, Inc.
        and Herbalife International of America, Inc.

        By:  /s/ Frederick R. McGowen

        Joanne M. Gray (JG7287)
        Glenn S. Kerner (GK2482)
        Frederick R. McGowen (FM1072)
        GOODWIN PROCTER LLP
        599 Lexington Avenue
        New York, NY 10022
        212.813.8800
        212-355-3333 (Fax)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2006, I caused a true and correct copy of the foregoing ANSWER TO COMPLAINT to be served via this Court's Electronic Case Filing system upon:

David B. Rheingold, Esq.<br>
RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK & McCARTNEY LLP.<br>
113 East 37th Street<br>
New York, NY 10016

<u>/s/ Frederick R. McGowen</u>
Frederick R. McGowen (FM1072)

LIBNY/4494245.1