USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-28-06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re: EPHEDRA PRODUCTS LIABILITY
LITIGATION

      04 M.D. 1598 (JSR)

      MEMORANDUM ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PERTAINS TO *Smoot v. AST Sports Science Inc.* et al., No. 04 Civ. 5482

JED S. RAKOFF, U.S.D.J.

At the status conference on February 2, 2006, after the parties' oral argument of the motion of defendant GN Oldco in *Smoot v. AST Sports Science Inc.* et al., 04 Civ. 5482, to strike portions of the reports of two of plaintiff's case-specific experts, members of Plaintiffs' Coordinating Counsel (PCC) asked for an opportunity to brief this motion because of its perceived potential effect on other cases. The Court granted the request and set a supplemental briefing schedule. Case Management Order No. 22 ¶ 11. Subsequently, however, the Special Master received an e-mail on behalf of the PCC from John C. Thornton, Esq., stating that the "PCC after deliberation has concluded that the issues before the court in this motion are distinct to the case" and that the "PCC does not take a position as to the narrow issues before the court." Accordingly, the Court by this Order decides GN Oldco's motion without supplemental briefs.

GN Oldco's motion has three parts. <u>First</u>, it asks the Court to strike ¶¶ 8-36 of the report of Laura M. Plunkett, Ph.D., plaintiff's toxicologist/pharmacologist and regulatory expert, on

plaintiff's toxicologist/pharmacologist and regulatory expert, on the ground that the disputed paragraphs impermissibly cover subject matter that the Court has assigned exclusively to the PCC's "generic experts" — in particular, the question of whether ephedra is capable of causing injury ("general causation"). Plaintiff has consented to striking ¶¶ 18-22, and consequently this part of the motion is granted on consent. See Pl.'s Opp'n Br. at 3. With respect to ¶¶ 8-17, 23-32, 34-35 and the last three sentences of ¶ 36, the motion is likewise granted. Case-specific experts may "connect the dots" between ephedra and the particular plaintiff's injury by quoting, paraphrasing or incorporating by reference the court-approved reports of the PCC's experts. They may not offer new or additional testimony about the inherent properties of ephedra, such as its alleged capacity to cause injury.

Second, GN Oldco asks the Court to strike ¶ 41 of Dr. Plunkett's report on the ground that it offers a specific-causation opinion based on diagnosis, and that Dr. Plunkett is not qualified to make diagnoses. Dr. Plunkett's report itself states: "Since I am not a physician, I relied on the diagnosis and findings of physicians as presented in medical records of reports that I reviewed." Assuming (without deciding) that the jury will be permitted to find, on the basis of testimony by the PCC's experts, that ephedra may cause injuries like those with which Tracy Smoot was diagnosed by physicians, the jury, among

other things, will then have to rule out other possible causes of Tracy Smoot's injury. Dr. Plunkett does not purport to be qualified to assist the jury in ruling out other possible causes or weighing the relative contribution of ephedra to Tracy Smoot's injury. Accordingly, her opinion in ¶ 41 that ingestion of ephedra was "a substantial contributing factor to her cardiac arrest and subsequent death" has no admissible basis and must be stricken.

Third, GN Oldco asks the Court to strike the following sentence in the report of Erwin A. Brun M.D., plaintiff's case-specific pathologist, on the ground that it covers subject matter that is the exclusive province of the PCC's generic experts: "Ephedra (Ma huang) is a drug well known to cause cardiac malfunction by many processes, some of which include vascular constriction with resultant ischemic injury, premature fibrosis of cardiac tissues, and thickening of small vessel walls." Clearly, this sentence opines about the inherent properties of ephedra, a subject which the Court assigned exclusively to the PCC's generic experts. For this reason, it must be stricken. As to ischemic injury, Dr. Brun instead may quote or paraphrase the PCC's experts. The fact that Dr. Brun's pathology study of the decedent found two conditions that were not mentioned by the PCC's generic experts — premature fibrosis and thickening of small vessel walls — does not justify Dr. Brun's conclusory statement about ephedra's "well known" capacity to cause these

injuries.  Accordingly, for the foregoing reasons, GN Oldco's

motion is granted in its entirety.

       SO ORDERED.

_____

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       February 28, 2006