

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
IN RE: EPHEDRA PRODUCTS LIABILITY       :
LITIGATION                              :  04 MD 1598 (JSR)
                                        :
------------------------------------ x
Pertains to:                            :  1:06-CV-00014
                                        :
Harbir Singh v. Herbalife International :  **CASE-SPECIFIC REQUEST**
Communications, Inc., et al.            :  **FOR PRODUCTION OF**
                                        :  **DOCUMENTS AND THINGS**
------------------------------------ x

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and all applicable Case Management Orders in this multi-district litigation, defendants Herbalife International Communications, Inc., Herbalife International of America, Inc. and Steve Peterson, by their attorneys Goodwin Procter LLP, demand that Plaintiffs Harbir Singh and Doina Caragata produce and permit discovery, inspection and copying, by the undersigned attorneys, of the documents and things listed below, at the offices of Goodwin Procter LLP, 599 Lexington Avenue, New York, NY 10022, within thirty (30) days after the service of these demands.

## DEFINITIONS AND INSTRUCTIONS

1.      The term "document" or "documentation" means any writing or graphic matter and any other tangible thing, however produced or reproduced, of any kind of description, whether sent or received or neither, and whether or not claimed to be privileged or exempt from production for any reason, including without limitation, writings, drawings, graphs, charts, photographs, correspondence, facsimiles, communications, reports, articles, books, telegrams, notes, memoranda, minutes, receipts, bills, checks, invoices, contracts, leases, agreements,

binders, policies, quotes, records, diaries, calendars, telephone messages, e-mail messages, summaries and compilations, whether printed, recorded or reproduced by any mechanical or electronic process, written or produced by hand, or stored in computer memory. A draft or non-identical copy is a separate document within the meaning of this term.

2. Any request for production propounded in the disjunctive shall also be read as if it is propounded in the conjunctive and vice-versa. Any request for production propounded in the masculine shall be read as if propounded in the feminine and vice-versa. Any request for production propounded in the singular shall be read as if propounded in the plural and vice-versa.

3. If you know of any documents or things responsive to these requests which are not in your possession, custody or control, identify such documents and state the name and business address of the person who has possession, custody and control thereof. "Identify" in this context means to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the documents; and (iv) the full names, present or last known addresses and present or last known places of employment of the authors(s), addressee(s) and recipient(s) thereof.

4. The terms "you," "your," "Plaintiff" or "Plaintiffs" refer to the Plaintiffs herein, Harbir Singh and Doina Caragata, and their assigns, employees, officers, attorneys, representatives or agents, and all other persons or entities acting on behalf of Plaintiffs.

5. The term "Herbalife" refers to defendants Herbalife International Communications, Inc. and Herbalife International of America, Inc.

6. "Communication" means any exchange or transfer of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, or in any other form.

7. "Concerning" or "concern", or "regarding" or "regard" mean referring to, describing, evidencing or constituting.

8. For any document which you claim is being withheld under claim of privilege, work product, or for any other reason, please set forth the following information:

    a. the general subject matter of the document and a description of the file or other location where it was found;

    b. the title, heading or other location where it was found;

    c. the date appearing on the document (if no date appears thereon, then the approximate date on which the documents was prepared);

    d. the general nature or description of the document (i.e., whether it is a letter, memorandum, invoice, etc.) and the number of pages of which it consists;

    e. the identity of each person who prepared, authored or signed the document;

    f. the identity of each person to whom the document (or copy thereof) was addressed and/or sent;

    g. the identity of each person who has custody of the document (or a copy thereof); and

   h.  the specific basis or ground upon which the document is being withheld.

  9.  If there are no documents or things which are responsive to a request, affirmatively state so for each such request.

## REQUESTS FOR PRODUCTION

  1.  Plaintiffs' passport(s) and visa(s).

  2.  Documents regarding Herbalife, Steve Peterson, Herbalife products, ephedra-containing products, or ephedra, including documents read or printed from any Internet website.

  3.  Documents submitted on behalf of Silver Express to the Internal Revenue Service or other income taxing authority, and documents used to prepare documents submitted to the Internal Revenue Service or other income taxing authority, including, but not limited to, copies of federal, state and local tax returns, schedules, forms, medical documents and receipts, employment or self-employment records, insurance records, real estate documents, attachments, W-2 Forms and worksheets, including such documents in the custody of any accountant or attorney who represented Silver Express or Plaintiffs.

  4.  Documents submitted on behalf of Jewels in Silver to the Internal Revenue Service or other income taxing authority, and documents used to prepare documents submitted to the Internal Revenue Service or other income taxing authority, including, but not limited to, copies of federal, state and local tax returns, schedules, forms, medical documents and receipts, employment or self-employment records, insurance records, real estate documents, attachments, W-2 Forms and worksheets, including such documents in the custody of any accountant or attorney who represented Jewels in Silver or Plaintiffs.

5. Documents regarding the formation, capitalization, earnings, profits, overhead, indebtedness and dissolution of Silver Express, including certificates of incorporation, articles of incorporation, stock certificates, transfers of shares of stock, financial reports, records of accounts receivable and payable, tax records, value of inventories and other assets, salaries paid, employment benefits provided, statements of bank accounts, promissory notes, loan repayment agreements, invoices or statements for loan repayments, collateral pledged, liens or judgments, including such documents in the custody of any accountant or attorney who represented Silver Express or Plaintiffs.

6. Documents regarding the formation, capitalization, earnings, profits, overhead, indebtedness and dissolution of Jewels in Silver, including certificates of incorporation, articles of incorporation, stock certificates, transfers of shares of stock, financial reports, records of accounts receivable and payable, tax records, value of inventories and other assets, salaries paid, employment benefits provided, statements of bank accounts, promissory notes, loan repayment agreements, invoices or statements for loan repayments, collateral pledged, liens or judgments, including such documents in the custody of any accountant or attorney who represented Jewels in Silver or Plaintiffs.

7. Documentation identifying financial institutions, creditors and individuals with whom Silver Express have or had an account, line of credit, loan or other financial relationship, and corresponding account numbers.

8. Documentation identifying financial institutions, creditors and individuals with whom Jewels in Silver have or had an account, line of credit, loan or other financial relationship, and corresponding account numbers.

9. Documents regarding Plaintiffs' purchase of the business that was known as "Gallery" (as identified by Ms. Caragata at her deposition), including documents indicating the date of purchase and purchase price.

10. Statements of the value of shares of stock or other investment vehicles owned by Plaintiffs and dividends or interest received by Plaintiffs.

11. A transcript of Mr. Singh's high school grades.

12. A transcript of Mr. Singh's college grades.

13. Documents, including credit or charge account receipts or statements, cancelled checks, or other financial documents, regarding Mr. Singh's purchases of Herbalife products, the dates of the purchases and the amounts paid.

14. Documentation identifying the credit account, charge account or checking account, by account number and financial institution, used by Plaintiffs to purchase Herbalife products.

15. Copies of documents provided to St. Vincent's Hospital, Medicare or any health care provider or entity as part of any application for benefits from Medicare or any other source of coverage for expenses relating to health care or rehabilitation.

16. Statements or bills from health care providers or other entities for treatment or losses relating to the claims alleged by Plaintiffs in this lawsuit.

Dated: November 25, 2006

/s/ Frederick R. McGowen
Joanne M. Gray (JG7287)
Frederick R. McGowen (FM1072)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
212.813.8800

Attorneys for Defendants
HERBALIFE INTERNATIONAL COMMUNICATIONS, INC.,
HERBALIFE INTERNATIONAL OF AMERICA, INC. AND
STEVE PETERSON

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2006, I caused a true and correct copy of the foregoing CASE-SPECIFIC REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS to be served by email upon:

David B. Rheingold, Esq.
Rheingold, Valet, Rheingold, Shkolnick & McCarthy, LLP
113 E. 37th Street
New York, New York 10016
drheingold@rheingoldlaw.com


/s/ Frederick R. McGowen
Frederick R. McGowen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
IN RE: EPHEDRA PRODUCTS LIABILITY  :
LITIGATION                         :   04 MD 1598 (JSR)
                                   :
---------------------------------------------------------------x   1:06-CV-00014
Pertains to:                       :
                                   :   PLAINTIFFS' RESPONSE TO
Harbir Singh v. Herbalife International  :   DEFENDANT HERBALIFE
Communications, Inc., et. al.      :   INTERNATIONAL
                                   :   COMMUNICATION, INC.'S
                                   :   PRODUCTION OF DOCUMENTS
                                   :   DEMAND
---------------------------------------------------------------x

1.  A copy of Harbir Singh's passport issued on January 8, 2001 is attached. Mr. Singh does not have any visas in his possession.

2.  To the extent not already provided previously or provided at Harbir Singh's deposition, plaintiffs have nothing responsive to this request.

3.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

4.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

5.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

6.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

7.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

8.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

9.  Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

10. Objection. Irrelevant. Plaintiffs are not making a claim for lost business profits or business earnings.

11. Plaintiffs do not have anything responsive to this demand.

12. Plaintiffs do not have anything responsive to this demand.

13. Plaintiffs do not have anything responsive to this demand.

14. To the extent not already provided previously or provided at Harbir Singh's deposition, plaintiffs have nothing responsive to this request.

15. To the extent not already provided previously or provided at Harbir Singh's deposition, plaintiffs have nothing responsive to this request.

16. To the extent not already provided previously or provided at Harbir Singh's deposition, plaintiffs have nothing responsive to this request.


Dated: December 21, 2006
New York, New York

David B. Rheingold
RHEINGOLD, VALET, RHEINGOLD
SHKOLNIK & McCARTNEY, LLP
Attorneys for Plaintiffs
HARBIR SINGH and DOINA CARAGATA
113 E. 37th Street
New York, New York 10016
(212) 684-1880

## CERTIFICATE OF SERVICE

I, hereby certified that on December 21, 2006, I caused a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT HERBALIFE INTERNATIONAL COMMUNICATIONS, INC. to be served by first class mail upon.

Frederick R. McGowen
GOODWIN PROCTER, LLP
599 Lexington Avenue
New York, NY 10022

_____
David B. Rheingold

DEC 1 3 2006



NP/H41/08.

Dec/83



भारत गणराज्य REPUBLIC OF INDIA

Type: P
Country Code:
Passport No: A9265788

Surname: SINGH
Given Names: HARBIR
Nationality: INDIAN
Sex: M
Date of Birth: 20 NOV. 1961
Place of Birth: NEW DELHI
Place of Issue: NEW YORK
Date of Issue: 8 JAN. 2001
Date of Expiry: 7 JAN. 2002

Harbir Singh



पता /Address

IN INDIA: OPP. BUS-STAND KAPUR-
THALA PB.
IN U.S.A. 43-25 43rd ST. L.I.C.
APT. #65   N.Y  11104
(718) 361-0279

CONSULATE GENERAL OF INDIA, NEW YORK
No further services should be rendered
to this passport by any Indian Passport
Issuing Authority without prior reference
to this office.

N. K. NIRWAN
ASSISTANT CONSULAR OFFICER
CONSULATE GENERAL OF INDIA,
NEW YORK

वीसा / VISAS      3