## McGowen, Frederick

**From:** James Niss [james.niss@verizon.net]
**Sent:** Wednesday, August 09, 2006 6:31 AM
**To:** McGowen, Frederick
**Cc:** drheingold@rheingoldlaw.com; Gray, Joanne M
**Subject:** Re: Ephedra MDL - Pertains to Harbir Singh, et al. v. Herbalife

Mr. McGowen,

In reply to your e-mail copied below and the attached stipulation, I hereby rule that this case hereafter shall follow the schedule for CTO-35 Cases. Please note that in non-MDL Judge Rakoff usually allows only six months for discovery, and that he himself might not have granted the requested extension. Accordingly, the parties should take care to complete everything within the newly extended deadlines and should not request further extensions.

James Niss,
Special Master

----- Original Message -----
**From:** McGowen, Frederick
**To:** james.niss@verizon.net
**Cc:** drheingold@rheingoldlaw.com ; Gray, Joanne M
**Sent:** Tuesday, August 08, 2006 7:40 PM
**Subject:** Ephedra MDL - Pertains to Harbir Singh, et al. v. Herbalife

<<Exhibit A.pdf>>

Re:    Ephedra MDL - Pertains to Harbir Singh, et al. v. Herbalife International Communications, Inc., et al., 06 CV 00014

Dear Special Master Niss:

In the Singh v. Herbalife case, we are counsel to all three defendants: Herbalife International Communications, Inc., Herbalife International of America, Inc. and Steve Peterson (referenced collectively herein as "Herbalife"). We respectfully would like to request a transfer of this action from the "SDNY Cases" pretrial deadlines track to the CTO-35 pretrial deadlines track, thereby extending the pretrial deadlines. Attached please find a Stipulation (Exhibit A) executed by all counsel for all parties in this case, agreeing to the track transfer.

We are requesting this track transfer because under the SDNY Cases pretrial deadlines track, we have an unusually short period of time for pretrial activities in this case. CMO-21 provides the same deadlines in all SDNY Cases, regardless of when the cases were filed in the Southern District. As a result, in Singh v. Herbalife, which was commenced on January 3, 2006, the CMO-21 deadline for fact discovery is August 30, 2006, which is only eight months from the filing date of the case and considerably less time than has generally been provided for discovery in Ephedra MDL cases.

In previous CMO's, pretrial deadlines for SDNY Cases were calculated from the dates that the complaints were filed, thereby providing later deadlines for SDNY Cases that were filed later. Beginning with CMO-18, this procedure changed to the current procedure of using dates certain for pretrial deadlines in SDNY Cases. We understand from Defendants' Liaison Counsel that this change to dates certain occurred due to the small number of SDNY Cases that were being filed, that the PCC and DCC discussed with the Court that this change could result in some cases having pretrial periods that were too short, and that the Court would anticipate requests for extensions of pretrial deadlines in SDNY Cases.

In other classifications of transferred MDL cases, pretrial deadlines are later for cases that were transferred later. In the

classification of "Later MDL Cases" (those that are transferred from other districts by CTO's subsequent to CTO-27), pretrial deadlines are calculated from the Notice of Transfer date, so that the later the case is filed and transferred, the later the applicable deadlines are (as provided by CMO-21). CTO-35 was the next CTO entered after the complaint in this case was filed. We are therefore proposing to transfer Singh v. Herbalife to the CTO-35 track, so that the pretrial deadlines would be calculated from the Notice of Transfer date for CTO-35 cases.

**Under CMO-21's pretrial deadlines track for SDNY Cases, the current pretrial deadlines in this case are:**

- August 30, 3006:  Deadline for Fact Discovery and for Plaintiffs' Case Specific Expert Disclosures
- October 31, 2006:  Deadline for Herbalife's Case Specific Expert Disclosures and for Discovery of Plaintiffs' Case Specific Experts
- December 31, 2006:  Deadline for Discovery of Herbalife's Case Specific Experts
- January 15, 2007:  Deadline for Case Specific Daubert Motions

**Under CMO-21's pretrial deadlines track for CTO-35 Cases, the pretrial deadlines for this case would be extended to**:

- December 26, 2006:  Deadline for Fact Discovery and for Plaintiffs' Case Specific Expert Disclosures
- February 27, 2007:  Deadline for Herbalife's Case Specific Expert Disclosures and for Discovery of Plaintiffs' Case Specific Experts
- April 30, 2007:  Deadline for Discovery of Herbalife's Case Specific Experts
- May 14, 2007:  Deadline for Case Specific Daubert Motions

The additional time that we are seeking is needed to complete discovery and the remaining pretrial activities in this case. Issue was joined as to the last of the three defendants on February 28, 2006. Thereafter, plaintiffs' MDL Fact Sheet and initial authorizations were served on or about April 6, 2006. We have encountered delays in obtaining some of Mr. Singh's records, due to confusion regarding his social security number, and due to some records custodians' requiring the use of special authorizations. We would like to proceed with plaintiffs' depositions early in the Fall of 2006, and thereafter, we would like to depose several nonparty fact witnesses, including Mr. Singh's treating physicians. As we are still collecting medical records, we are not yet certain how many treating physicians will need to be deposed.

We therefore respectfully request jointly with plaintiffs' counsel that the Court execute the Stipulation and Order (Exhibit A), placing this action on the pretrial schedule for CTO-35 cases.

Respectfully submitted,

**Frederick R. McGowen**
**Goodwin | Procter LLP**
**599 Lexington Avenue**
**New York, NY 10022**
**212.459.7418**
**212.355.3333 (Fax)**
**fmcgowen@goodwinprocter.com**

*****************************************************************

**IRS CIRCULAR 230 DISCLOSURE:**
**To ensure compliance with requirements imposed by the IRS, we inform**

Ephedra MDL - Pertains to Harbir Singh, et al. v. Herbalife
Case 1:06-cv-06014-JSR   Document 22-28   Filed 07/27/07   Page 3 of 3
Page 3 of 3

you that any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used,
and
cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code or (ii) promoting, marketing or recommending
to
another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is intended only for the designated recipient(s). It
may
contain confidential or proprietary information and may be subject
to
the attorney-client privilege or other confidentiality protections.
If you are not a designated recipient, you may not review, copy or
distribute this message. If you receive this in error, please
notify
the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

12/11/2006